IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | No. 3:24-cv-1744-L-BN |
| § | |
| OLORUN AB INITIO EXPRESS TRUST § | |
| d/b/a C L ABOR, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Olorun AB Initio Express Trust d/b/a C L Abor ("Abor") initiated this action *pro se* in federal court through a claimed removal of criminal proceedings in Rockwall County, Texas. *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Abor's action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand this action to the Rockwall County court from which it was removed.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

Federal courts therefore have a corresponding – and independent – duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

And federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

But 28 U.S.C. § 1455 provides for the removal of state criminal prosecutions.

"When a defendant removes a criminal prosecution from state court, it is incumbent upon the United States District Court 'in which such notice is filed [to] examine the notice promptly.'" *Texas v. Kearns*, No. 5:14-cv-27-DAE, 2014 WL 258786, at *1 (W.D. Tex. Jan. 23, 2014) (quoting 28 U.S.C. § 1455(b)(4)).

And, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4); *cf. Pennsylvania v. Brown-Bey*, 637 F. App'x 686 (3d Cir. 2016) (per curiam) ("summarily affirm[ing] the order of the District Court summarily remanding [defendant's] criminal case to state court").

As the United States Court of Appeals for the Fifth Circuit has explained, Section 1455

> does not provide criminal defendants with a separate right to remove their cases from state court. Rather, as the provision's heading and plain

> language indicate, § 1455 merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision, such as 28 U.S.C. § 1443.

*Kruebbe v. Beevers*, 692 F. App'x 173, 176 (5th Cir. 2017); *accord SolamunBey v. City of Mesquite*, No. 3:17-cv-1750-G-BN, 2017 WL 3173019, at *1 (N.D. Tex. July 4, 2017) (collecting cases), *rec. accepted*, 2017 WL 3149368 (N.D. Tex. July 25, 2017); *see also Mnuk v. Texas*, No. A-14-cv-1128-SS, 2015 WL 1003863, at *2 (W.D. Tex. Mar. 5, 2015) ("Only a very small class of criminal cases are removable to federal court. 28 U.S.C. § 1442 (criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (prosecutions of members of the armed forces); 28 U.S.C. § 1443 (prosecutions against officials enforcing or persons protected by civil rights statutes)."), *rec. adopted*, 2015 WL 4395376 (W.D. Tex. July 16, 2015).

Abor cites neither Section 1442, Section 1442a, nor Section 1443. *See generally* Dkt. No. 3. He instead asserts that removal of the purported state criminal proceedings is proper under Section 1331 because "the State Court Action violates [provisions of the United States Constitution]." Dkt. No. 3 at 2.

But Section 1331, "the federal question statute, provides that the federal district courts have jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States,' [and, so, b]y its terms, § 1331 does not grant jurisdiction over criminal cases," and "a defendant in a criminal prosecution may not rely on § 1331 as a basis for removal." *Mississippi v. Arnold*, No. 4:18-CV-191-DMB-RP, 2019 WL 3381771, at *1 (N.D. Miss. July 26, 2019) (citations omitted); *see also*

*Texas v. Calzada*, SA-21-CV-00382-XR, 2021 WL 6750928, at *1 (W.D. Tex. May 13, 2021) (denying reconsideration of its prior findings that "the sections of Title 28 relied upon by [the defendant] did not support removal because sections 1331 and 1441 apply only to removal of civil actions … and section 1455 merely sets forth procedures for removal but does not provide an independent basis for removal" (citations omitted)). *Cf. Texas v. Tello*, 231 F. App'x 310, 311 (5th Cir. 2017) (per curiam) ("Removal jurisdiction was precluded because no federal court would have had original jurisdiction over the state bond revocation proceeding. In addition, Tello's bond proceeding is not a civil action for removal purposes but remains incidental to and inseparable from his state criminal case. Further, Tello's putative federal questions are raised in defense and, thus, would not provide a basis for removal jurisdiction in any event." (citations omitted)).

Nor does Abor – alleged to be neither a federal officer nor a member of the armed forces – provide factual content that could support removal under Section 1443, the only substantive provision of the federal removal statute that could be applicable here, a provision that "is construed narrowly," *City of Hous. v. Club Fetish*, Civ. A. No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 24, 2013) (citing *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983)), and in pertinent part provides that

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1).

As another judge of this Court has explained,

[i]n *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85 (5th Cir. 1982), the Fifth Circuit articulated a two-prong test to determine whether removal is proper under § 1443.
> To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*Id.* at 86 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975))....

Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal law violation *pertaining to racial equality*. *Georgia v. Rachel*, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."). In *Johnson v. Mississippi*, 421 U.S. 213 (1975), the Court reaffirmed this limitation, stating that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under *statutes not protecting against racial discrimination, will not suffice.*" Id. at 219 (emphasis added). Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law "providing for specific rights stated *in terms of racial* equality." *Gulf Water Benefaction Co.*, 679 F.2d at 86 (emphasis added).

*Tex. Dep't of Prot. & Regulatory Servs. v. Mitchell-Davis*, No. 3:07-cv-1726-D, 2007 WL 4334016, at *1 (N.D. Tex. Dec. 11, 2007); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." (citations omitted)); *Gee v. Texas*, No. 18-1186 (5th Cir. Apr. 30, 2019) (per curiam) ("[U]nder the Supreme Court's and our own

settled caselaw, '[t]o gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.'" (footnote omitted)).

Further, "the federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction." *Kearns*, 2014 WL 258786, at *2 (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

In sum, because Abor has not shown that federal subject matter jurisdiction exists, the Court should summarily remand this action. *See* 28 U.S.C. § 1455(b)(4). *Cf. Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (observing that the civil removal statute "declares that, where subject matter jurisdiction is lacking, the removed case 'shall be remanded'" (quoting 28 U.S.C. § 1447(c); emphasis omitted)).

## Recommendation

The Court should *sua sponte* remand this action to the court in Rockwall County, Texas from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 19, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE